# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRIST N. LEKOUSIS, ) ) Plaintiff, ) ) v. ) ) CAROLYN W. COLVIN, ) acting commissioner of Social ) Security, ) ) Defendant. ) | No. 13 C 3773 Magistrate Judge Maria Valdez |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christ N. Lekousis ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied his claim for Supplemental Security Income ("SSI") benefits. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court denies Plaintiff's Motion for Summary Judgment, [Doc. No. 16], and grants the Commissioner's Motion for Summary Judgment, [Doc. No. 20].

## BACKGROUND

I. **PROCEDURAL AND FACTUAL HISTORY**[1]

Plaintiff was involved in a car accident in 2001 and suffered various injuries to his lower back. Unfortunately, his condition deteriorated over the years to the point where he could no longer continue working as a hairstylist. Accordingly, Plaintiff filed a Title XVI application for SSI benefits on July 13, 2010, alleging a disability onset date of November 10, 2010.[2] His application was denied initially and upon reconsideration. Plaintiff thus requested and received a hearing before an Administrative Law Judge ("ALJ"), who determined that he was not disabled at Step Four of the Social Security Administration's sequential analysis.

In her opinion, the ALJ found that Plaintiff suffered from the following severe impairments: lumbar radiculopathy and obesity. After determining that he did not meet any listed impairment, the ALJ then calculated Plaintiff's Residual Functional Capacity ("RFC") and found that he could perform light work, except that he should only occasionally climb, balance, stoop, crouch, kneel, or crawl. The ALJ then consulted with a Vocational Expert ("VE") to determine if Plaintiff could perform his past relevant work or any jobs in the national economy. On the basis of her RFC assessment and the VE's testimony, the ALJ concluded that Plaintiff could perform his past relevant work and therefore found that he was not disabled under the Social Security Act.

---

[1] The following facts from the parties' submissions are undisputed unless otherwise noted.

[2] Plaintiff concedes in his Brief that SSI applicants do not become eligible for benefits until they file an application for benefits, which effectively changes his "onset date" to July 10, 2010. *See* 20 C.F.R. § 416.501.

## STANDARD OF REVIEW

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ conducts a five-step analysis and considers the following in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Under this standard, the ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Rather, the ALJ must simply "build an accurate and logical bridge from the evidence to his conclusion," *Clifford*, 227 F.3d at 872, and minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

A court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. Thus, where conflicting evidence would allow reasonable minds to differ, the court must defer to the decision of the Commissioner. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990).

**DISCUSSION**

On appeal, Plaintiff argues that the ALJ's decision is neither supported by substantial evidence nor based upon proper legal standards, challenging the following: (1) the relative weight accorded to the opinions of his treating physician and the Consultative Examiner ("CE"); and (2) the ALJ's credibility finding. The Court will address each issue in turn.[3]

## I. The Treating Physician Rule

Plaintiff first claims that the ALJ violated the treating physician rule by giving no weight to the opinion of his treating orthopedic, Dr. Brebach. The treating physician rule requires ALJs to give controlling weight to a treating physician's opinion if it is both "well-supported" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527. If the ALJ declines to do so, then he must offer "good reasons for discounting the opinion" in light of the following regulatory factors: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); 20 C.F.R. § 404.1527. Here, although the ALJ gave no weight to Dr. Brebach's opinion, which is typically an extreme measure, his decision to do so was justified.

---

[3] The Court notes that Plaintiff has not submitted his reply brief, and the deadline for submission has long since passed.

As the ALJ explained, Dr. Brebach saw Plaintiff only four times and examined him only twice, once in 2006 and again in 2009. This hardly provides a "longitudinal picture of [Plaintiff's] impairments," as contemplated by the treating physician regulations. 20 C.F.R. § 404.1527(c)(2)(i). Nonetheless, despite this sparse treatment history,[4] Dr. Brebach filled out an RFC Questionnaire in 2011, in which he opined that Plaintiff was extremely limited in his ability to ambulate in any capacity, all but asserting that Plaintiff is completely disabled. The ALJ, however, gave the 2011 report short shrift and for good reason: Dr. Brebach wrote the report without having examined Plaintiff for nearly three years, and, worse still, the report is radically inconsistent with Dr. Brebach's earlier clinical notes, which indicate that Plaintiff had full muscle strength in his lower back and only a mildly limited range of motion. The ALJ's decision to discard Dr. Brebach's opinions was thus entirely justified. *See Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (explaining that ALJs may reject a treating physician's opinion if it is internally inconsistent or based on insufficient evidence).

Apart from Dr. Brebach, Plaintiff further asserts that the ALJ erred by giving controlling weight to the CE's opinion, since the CE allegedly "did not assess [Plaintiff's] musculoskeletal impairments." (Pl.'s Br. at 12.) The Court, however, is

---

[4] Plaintiff further claims that he was unable to afford more frequent visits because he was uninsured and that the ALJ erred by failing to explore this issue. But Plaintiff's argument conflates two distinct elements of RFC calculation: (1) a claimant's credibility, where a lack of insurance is relevant to whether she is blameworthy for failing to seek treatment, *see* 20 C.F.R. § 404.1529; and (2) the weight that should be accorded to a treating physician's opinion, which depends critically upon the extent of the treatment relationship, irrespective of why that relationship is more or less thorough, *see* 20 C.F.R. § 404.1527. Here, the ALJ's analysis pertained to the latter, and Plaintiff's lack of insurance simply has no bearing on persuasive value of Dr. Brebach's report.

deeply puzzled by this statement. The record clearly shows that the CE administered a litany of motion tests, which revealed that Plaintiff's range of motion in his lower back, joints, and extremities was largely normal and pain-free. The CE further observed that Plaintiff's reflexes were intact and that he could walk normally and transition from sitting to standing without difficulty. Plaintiff's contention that the CE's exam was somehow deficient is therefore entirely unfounded.

Ultimately, the CE's report is the most recent, comprehensive evaluation of Plaintiff's impairments, and, given the absence of a reliable treating physician's opinion, the ALJ was certainly entitled to give great weight it. *See* 20 C.F.R. § 404.1527.

## II. The ALJ's Credibility Determination

Plaintiff next argues that the ALJ's credibility determination was legally inadequate. To overturn an ALJ's credibility determination, a plaintiff must show that it was "patently wrong" and "lack[ing] in any explanation or support." *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010). This is a very deferential standard, particularly because "a reviewing court lacks direct access to the witnesses, lacks the trier of fact's immersion in the case as a whole, and lacks the specialized tribunal's experience with the type of case under review." *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004).

Here, the ALJ discredited Plaintiff's claims of disabling pain and functional limitations because (1) his testimony that he could not use his hands or bend

7

without disabling pain was contradicted by the CE's findings; (2) his claimed 60% hearing loss and propensity for falling frequently were unsupported by the record; (3) his course of treatment, or lack thereof, suggested that his claims of pain were exaggerated; and (4) his stated inability to perform tasks of daily living, such as showering and preparing food, were contrary to what he reported to the SSA in his Adult Functioning Report. Plaintiff challenges each of these reasons, but his arguments are either entirely conclusory or hopelessly inaccurate.

For example, Plaintiff lambasts the ALJ for using the typical "boilerplate language" admonished by the Seventh Circuit. *See, e.g., Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). But the use of boilerplate language is not fatal to an ALJ's decision. Such language invites skepticism only when it is used without any other explanation, which is not the case here. *Punzio v. Astrue*, 630 F.3d 704, 709 (2011). Similarly, Plaintiff ridicules the ALJ for failing to discuss each of the regulatory factors in 20 C.F.R. § 404.1529, but he misunderstands the dynamic between those factors and an ALJ's credibility finding: ALJs need only *consider* these factors, but they are not, as Plaintiff contends, required to engage in a factor-by-factor analysis in their opinions. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (explaining that an ALJ need only "minimally articulate" his reasons for discrediting a claimant's testimony). Here, the ALJ went far beyond "minimal articulations" and discussed in detail various inconsistencies between the record and Plaintiff's allegations. Accordingly, Plaintiff's "technical" contentions with the ALJ's decision are meritless.

8

Plaintiff's remaining argument — that the ALJ improperly focused on his failure to have back surgery without considering that he was uninsured and unable to afford it — deserves some discussion. Although the ALJ did not consider Plaintiff's ability to afford treatment, a close reading of the ALJ's opinion reveals that it was not Plaintiff's failure to obtain surgery that cut against his credibility, but his failure to follow up with *any* course of treatment for three years after having surgery recommended. *See Luna v. Shalala*, 22 F.3d 687, 691 (explaining that a claimant's "failure to seek further medical assistance despite his claim of incapacitating pain" suggests that such complaints are exaggerated). But even if the ALJ erred by focusing on the above treatment gap without considering Plaintiff's ability to afford treatment, any error would be harmless in light of the ALJ's other, valid reasons for discrediting Plaintiff's testimony — namely, the extent to which it was unsupported, or completely contradicted, by the record. *See* 20 C.F.R. § 404.1529.

### III. Other RFC Issues

Although unclear from his Brief, Plaintiff appears to argue at various points that the ALJ's RFC assessment was crafted out of thin air rather than based on medical evidence. Clearly that is not the case. The Court has already established that the ALJ gave legitimate reasons for discounting Dr. Brebach's opinion and finding Plaintiff's testimony unpersuasive, which necessarily required canvassing the relevant medical evidence. It is of no consequence that the ALJ's RFC calculation differed slightly than the physicians on record because the ultimate

9

responsibility for weighing the evidence and calculating a claimant's RFC lies with the ALJ — not a particular doctor. *See* 20 C.F.R. § 404.1527(e)(1)-(2). In that respect, other than simply reiterating that the ALJ should have blindly accepted Dr. Brebach's opinion and his own testimony, Plaintiff has neither pointed to any objective medical evidence that suggests a lower RFC nor highlighted any legal error that would require remand. As such, the Court affirms the ALJ's decision in its entirety.

## CONCLUSION

For the following reasons, the Court denies Plaintiff's Motion for Summary Judgment, [Doc. No. 16], and grants the Commissioner's Motion for Summary Judgment, [Doc. No. 20].

**SO ORDERED.**  **ENTERED:**

*/s/ Maria Valdez*

**DATE:    June 19, 2015**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**